UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
VICTOR COUREAU,

                Plaintiff,                **MEMORANDUM AND ORDER**
                                                         16-CV-5796 (RRM) (LB)

-against-

1233 REALTY ASSOCIATES,

                Defendant.
-----------------------------------------------------------------X
ROSLYNN R. MAUSKOPF, United States District Judge.

      Plaintiff Victor Coureau ("Coureau") brings this *pro se* action against defendant 1233 Realty Associates ("1233 Realty") and invokes diversity jurisdiction pursuant to 28 U.S.C. § 1332. Coureau has paid the requisite filing fee to initiate the action. For the reasons that follow, Coureau does not adequately allege the existence of subject matter jurisdiction. Accordingly, Coureau is granted thirty (30) days from the date of this Memorandum and Order to file an amended complaint establishing the existence of subject matter jurisdiction. If he fails to do so, the action will be dismissed for lack of subject matter jurisdiction.

## BACKGROUND

      The following facts are drawn from Coureau's pleading and the exhibits attached thereto, the allegations of which are assumed to be true for purposes of this Memorandum and Order. On or about March 28, 1998, Coureau moved into a rent stabilized apartment. (Compl. (Doc. No. 1) at 3.)[1] Although Coureau's complaint is far from a model of clarity, Coureau avers that 1233 Realty is overcharging rent in violation of the rent stabilization guidelines. (Compl. at 7–11.) 1233 Realty brought at least two actions against Coureau in the Civil Court of New York, Kings

---

[1] All citations to pages of the Complaint refer to the Electronic Case Filing System ("ECF") pagination.

County for nonpayment of rent. (Compl. at 22–23.) Coureau seeks monetary damages in the amount of "450.000 three times the bill." (Compl. at 1.)[2]

## STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all factual allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal* 556 U.S. at 678.

The Court must be mindful that a *pro se* plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally").

Even if a plaintiff has paid the court's filing fee, a district court may dismiss the case, *sua sponte*, if it determines that the Court lacks subject matter jurisdiction or the action is frivolous. *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363–64 (2d Cir. 2000); *see also Hawkins–El III v. AIG Fed. Sav. Bank*, 334 F. App'x. 394, 395 (2d Cir. 2009) (affirming district court's *sua sponte* dismissal of fee paid frivolous complaint); *Paige v. City of New York*, No. 10-CV-5469 (SLT), 2011 WL 3701923, at *2 (E.D.N.Y. Aug. 23, 2010).

---

[2] Coureau also requested a default judgment on November 16, 2016. (Mot. for Default J. (Doc. No. 6).) For the reasons discussed below, the Court lacks subject matter jurisdiction over this action and declines to grant a default judgment.

2

I.   **Rule 8**

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must provide a short, plain statement of claim against each defendant named so that they have adequate notice of the claims against them. *Iqbal*, 556 U.S. at 678 (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."); *see* Fed. R. Civ. P. 8. A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Iqbal*, 556 U.S. at 678 (internal citations and alterations omitted). A plaintiff must provide facts sufficient to allow each defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery. *See Twombly v. Bell*, 425 F.3d 99, 106 (2d Cir. 2005) (defining "fair notice" as "'that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so that it may be assigned the proper form of trial'") (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995)). A court may dismiss a complaint that is "so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

**DISCUSSION**

I.   **Subject Matter Jurisdiction**

The district courts of the United States are "courts of limited jurisdiction" and may not preside over cases absent subject matter jurisdiction. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005) (internal quotation marks and citation omitted). "Congress has granted district courts original jurisdiction over cases in which there is a federal question, *see* 28 U.S.C. § 1331, and certain cases between citizens of different states, so long as the requirements of complete diversity and amount in controversy are met, *see* 28 U.S.C. § 1332." *Perdue*

*Pharma L.P. v. Kentucky*, 704 F.3d 208, 213 (2d Cir. 2013). "[B]ecause [subject matter jurisdiction] involves a court's power to hear a case, [it] can never be forfeited or waived." *United States v. Cotton*, 535 U.S. 625, 630 (2002). "[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006).

### a. Diversity of Citizenship

Coureau alleges that he is bringing the action pursuant to the Court's diversity jurisdiction.[3] However, his complaint fails to allege sufficient facts to demonstrate if diversity is present and if so, whether the amount in controversy requirement is satisfied. Coureau resides in Brooklyn, New York and he alleges that 1233 Realty resides in Brooklyn. *See, e.g., St. Paul Fire and Marine Ins. Co. v. Universal Builders Supply*, 409 F.3d 73, 80 (2d Cir. 2005) (diversity is not complete if plaintiff is a citizen of the same state as any defendant). On this basis, diversity is lacking.

Moreover, a review of the documents that Coureau annexes to his complaint indicates that 1233 Realty appears to be a limited liability company with a mailing address in New Jersey. (Compl. at 21.) A limited liability company takes the citizenship of its members. *Bayerische Landesbank, New York Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012) ("Defendant Aladdin is a limited liability company that takes the citizenship of each of its

---

[3] Coureau's complaint fails to present a substantial federal question. Section 1331 gives the Court "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; *see also Bracey v. Bd of Educ. of City of Bridgeport*, 368 F.3d 108, 113 (2d Cir. 2004). A case arises under federal law where federal law creates the plaintiff's cause of action or where "the well-pleaded complaint 'necessarily depends on resolution of a substantial question of federal law.'" *Bracey*, 368 F.3d at 113 (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 28 (1983)).

Here, Coureau's complaint arises out of a landlord-tenant dispute which is fundamentally a matter of state law. *See Ellis v. Sabeini Mitivach Associates*, No. 14-CV-4441 (NGG), 2014 WL 5305994, at *2 (E.D.N.Y. Oct. 15, 2014) (finding federal courts lack subject matter jurisdiction over landlord-tenant claims); *Cain v. Rambert*, No. 13-CV-5807 (MKB), 2014 WL 2440596, at *3 (E.D.N.Y. May 30, 2014); *Kheyn v. City of New York*, No. 13-CV-6858 (SLT), 2010 WL 3034652, at *2 (E.D.N.Y. Aug. 2, 2010). Even when construed liberally, it does not appear that Coureau's claims are premised on a violation of any federal constitutional or statutory right.

members."). Thus, to invoke this Court's diversity jurisdiction, Coureau's complaint must allege the citizenship of each member of the limited liability company defendant. *Krause v. Forex Exch. Mkt., Inc.*, 356 F. Supp.2d 332, 336 (S.D.N.Y. 2005). Coureau fails to allege the identity and citizenship of each "member" of 1233 Realty. Thus, subject matter jurisdiction is lacking based on the face of the complaint. *See Hai Yang Liu v. 88 Harborview Realty, LLC*, 5 F. Supp. 3d 443, 447 (S.D.N.Y. 2014) (finding plaintiff's failure to allege the citizenship of each member of the defendant limited liability company may result in the dismissal of the complaint).

In addition, the complaint fails to establish the amount in controversy requirement. A party invoking the jurisdiction of the federal court has the burden of establishing by a "reasonable probability" that the claim is in excess of the statutory jurisdictional amount. *Chase Manhattan Bank, N.A. v. Am. Nat'l Bank and Trust Co. of Chicago*, 93 F.3d 1064, 1070 (2d Cir. 1996) (quoting *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994)). The amount in controversy must be non-speculative in order to satisfy the statute. *Baltazar v. Earth Ctr. of Maanu, Inc.*, No. 14-CV-3543 (ENV), 2014 WL 3887717, at *2–3 (E.D.N.Y. July 11, 2014). Here, Coureau requests damages in the amount of "450.000 three times the bill." (Compl. at 1.) It is unclear to the Court on what basis Coureau determined his damages, as his complaint fails to allege any facts to plausibly support an amount of controversy of more than $75,000.00. Therefore, Coureau has failed to allege facts demonstrating that he satisfies the amount in controversy requirement.

## II.  Leave to Amend

For the reasons explained above, the Court lacks subject matter jurisdiction over Coureau's complaint. However, given Coureau's *pro se* status, he is given thirty (30) days from the date of this Memorandum and Order, to file an amended complaint that demonstrates a good

faith basis for satisfying the diversity of citizenship and amount in controversy requirements of 28 U.S.C. § 1332. Coureau is advised that any amended complaint he files will completely replace the original complaint. The amended complaint must be captioned, "Amended Complaint," and shall bear the same docket number as this Memorandum and Order. Should Coureau fail to file an amended complaint within the time period set forth in this Order, the Court will dismiss this action without prejudice to refile in state court.

## CONCLUSION

Accordingly, Coureau is granted thirty (30) days leave from the date of this Memorandum and Order to file an amended complaint as detailed above. Failure to comply with this Memorandum and Order will result in dismissal without prejudice for lack of subject matter jurisdiction.

Although Coureau paid the filing fee to initiate the action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore, *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is respectfully directed to mail a copy of this Memorandum and Order to plaintiff Victor Coureau, *pro se*, at the address listed for Coureau, and note the mailing on the docket.

SO ORDERED.

*Roslynn R. Mauskopf*

_____
ROSLYNN R. MAUSKOPF
United States District Judge

Dated: Brooklyn, New York
      March 9, 2017